Frank D. Mylar (5116)
Andrew R. Hopkins (13748)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
office@mylarlaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UTAH ANIMAL RIGHTS COALITION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BEAVER COUNTY, et al.,<br><br>Defendants. | **DEFENDANTS' MOTION TO DISMISS AND STAY**<br><br>Case No. 2:22-CV-00497-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Defendants, through their attorney Frank Mylar, respectfully move this Court to dismiss and stay of this case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) as follows:

## **INTRODUCTION**

Pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, Defendants move to stay Plaintiffs' suit which is brought under 42 U.S.C. § 1983. The requested stay is required under *Younger v. Harris*, 401 U.S. 37 (1971), in light of the criminal case currently

pending against Plaintiff Curtis Vollmar in state court.[1] Since the constitutionality of Defendants' actions, in part, hinge on whether Mr. Vollmar violated a Utah criminal statute, the Court should stay this matter until that state criminal matter is resolved.

## STATEMENT OF FACTS

1. Through this case, Plaintiffs have asserted that Defendants violated their First Amendment rights. (Dkt. 2 at 28 ¶¶ 100-119.)

2. The claims arise from an incident on July 23, 2022, during which Defendants responded to a disturbance Plaintiffs were causing during a Pioneer Day celebration. (*See generally* Dkt. 2.)

3. Because of this disturbance, one Plaintiff, Curtis Vollmar was charged with disorderly conduct. (*See* Exhibit 1- an exact copy as of October 4, 2022, of the docket of *Beaver City v. Vollmar*, Case No. 221000130 (Beaver County Justice Court, State of Utah)).

4. Mr. Vollmar entered a plea of not guilty to this charge on August 25, 2022. (*Id.*)

---

[1] The Tenth Circuit has "clarified that a dismissal based on *Younger* abstention is not a dismissal 'for lack of jurisdiction' within the meaning of the federal rules." *Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 639 n.4 (10th Cir. 2014) (*citing D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir. 2013)). Rather, "'*Younger* is a doctrine of abstention . . . under which a District Court may decline to exercise . . . its jurisdiction.'" *Id.* (quoting *Osguthorpe*, 705 F.3d at 1230 n.8). However, it appears Rule 12(b)(1) is the appropriate vehicle to raise *Younger* abstention. *See* § 1350 Motions to Dismiss—Lack of Jurisdiction Over the Subject Matter, 5B Fed. Prac. & Proc. Civ. § 1350 (3d ed.) ("Courts have recognized a variety of other defenses that one normally would not think of as raising subject-matter jurisdiction questions when considering a Rule 12(b)(1) motion, such . . . the subject matter is one over which the federal court should abstain from exercising jurisdiction." (citing cases)).

Regardless, it is appropriate for the Court to consider a challenge to its jurisdiction at any time. *See* Fed. R. Civ. P. 12(h)(3).

      5.      A pretrial conference is currently scheduled to occur on October 12, 2022. (*Id.*)

## ARGUMENT

**I.    *Younger* abstention requires the Court to dismiss Mr. Vollmar's claim for equitable relief and to stay his claim for damages.**

The Court is required to stay this matter as it relates to Plaintiff Curtis Vollmar. "Under *Younger* abstention, federal courts should generally abstain from interfering with ongoing state criminal proceedings out of respect for state functions and the independent operation of state legal systems." *Wilson v. Morrissey*, 527 F. App'x 742, 743 (10th Cir. 2013) (cleaned up). This reflects the fact "it has long been the policy of the federal courts not to interfere with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated." *Fisher v. Whetsel*, 142 F. App'x 337, 338 (10th Cir. 2005).

In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (cleaned up). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id.* The Tenth Circuit has "adhered strictly to this rule." *Goings v. Summer Cnty. Dist. Attorney's Office*, 571 F. App'x 634, 639 (10th Cir. 2014).

Applying this doctrine under circumstances very similar to those presented here, the Tenth Circuit has held abstention was required, explaining, "There can be no serious question that each

of the *Younger* factors is met in this case." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007). There, "[a]t the time of dismissal, both the criminal case against Buck and his state civil [rights] case were ongoing." *Id.* The Tenth Circuit recognized that "[t]he State of Utah has an important interest in its criminal proceedings." *Id.* And, finally, "Buck fail[ed] to show that he does not have an adequate opportunity in state court to litigate federal constitutional issues; indeed, he has raised such issues in his parallel civil complaint." *Id.*

Here, as in *Buck*, "[t]here can be no serious question that each of the *Younger* factors is met." *Id.* First, there is an ongoing state criminal proceeding against Mr. Vollmar—*Beaver City v. Vollmar*, Case No. 221000130 (Beaver County Justice Court, State of Utah). As of the filing of this motion, that case remains pending with a pretrial conference set for October 12, 2022.[2] (Ex. 1.) Second, there is nothing to indicate the state court is an inadequate forum to hear the claims Mr. Vollmar has raised in this case through his claims under § 1983 challenging the validity of his interactions with law enforcement on July 23, 2022. Indeed, Mr. Vollmar has pled not guilty and requested discovery in the matter, indicating he plans to contest whether he is guilty of the crime of disorderly conduct. Finally, as the Tenth Circuit recognized in *Buck*, "[t]he State of Utah has an important interest in its criminal proceedings." *Buck*, 244 F. App'x at 197.

Because each of the three *Younger* factors is met, dismissal of Mr. Vollmar's claim for equitable relief (his second cause of action) is required. *See Goings*, 571 F. App'x at 638 ("Once

---

[2] Incidentally, this is the same day this Court has set to hear arguments on Plaintiffs' motion for preliminary injunction. (Dkt. 41.)

these requirements have been met, *Younger* abstention *dictates* that the federal courts not interfere." (cleaned up)).

Moreover, Mr. Vollmar's claim for damages (his first cause of action) must be stayed pending resolution of the state criminal proceedings against him. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding. The rationale for *Younger* abstention can be satisfied, however, by just staying proceedings on the federal damages claim until the state proceeding is final.") (citation omitted); *Buck*, 244 F. App'x at 198 ("Where the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should *stay* federal proceedings on the damage claims, not dismiss the action altogether.").

This abstention is particularly appropriate given the potential *Heck* bar. As the Supreme Court has explained, "If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394.

Here, if Mr. Vollmar is convicted, his First Amendment claims against Defendants may impugn that conviction, requiring dismissal. A stay of those § 1983 claims until the criminal case is concluded and this determination can be made is appropriate.

5

## II.     The Court should stay all remaining claims in the interest of judicial economy.

This matter should not be heard until Mr. Vollmar's criminal prosecution is resolved. "A trial court has the inherent power to stay civil proceedings." *Windham for Marquis Properties, LLC v. Snyder*, No. 2:18-CV-00063-RJS-EJF, 2018 U.S. Dist. LEXIS 146987, at *7 (D. Utah Aug. 28, 2018) (*citing Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)). The Court should exercise that discretion here to stay this matter as it relates to other Plaintiffs, while Mr. Vollmar's claim for monetary damages is stayed under *Younger*. Doing so will promote judicial economy and conserve the resources of the parties. Absent a stay of this claim, the parties may be required to engage in duplicative discovery, such as deposing certain witnesses twice, as discovery cannot proceed on any claims related to Mr. Vollmar while they are stayed under *Younger*.

The factors to be considered in determining whether to grant a stay in light of a pending criminal case outside the context of *Younger* further support staying the third cause of action. In making that determination, "the Court considers a combination of six factors":

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Id.* at *8 (cleaned up).

Here, the first factor weighs strongly in favor of a stay given the issues presented in Plaintiffs' Complaint and those the pending criminal case "significantly overlap," *id.* Plaintiffs have alleged that Defendants violated their First Amendment rights, in part, because Defendant Woolsey issued Mr. Vollmar a citation for disorderly conduct. (Dkt. 2 ¶ 87.) The validity of this

citation needs to be determined by the state court before this Court can weigh in on the legality of Defendants' other actions.

With respect to the second factor, the status of the criminal case further supports a stay. As discussed above, the criminal case is pending, with a pretrial conference set for October 12, 2022.

With respect to the third factor, the Plaintiffs' interests, while important, do not justify denial of a stay. Defendants recognize that Plaintiffs "undoubtedly ha[ve] an interest in the expeditious resolution of this case." *Hilda M. v. Brown*, No. 10-CV-02495-PAB-KMT, 2010 U.S. LEXIS 137869, at *16 (D. Colo. Dec. 20, 2010). However, *Younger* requires a stay of Mr. Vollmar's claims, and so the Court should also stay the rest of this matter.

Further, this case is at its infancy. A case management order has not yet been entered, and the parties not yet having exchanged initial disclosures or begun discovery. Under similar circumstances, this Court has held the third factor does not weigh against a stay. *See id.*[3]

In addition, there is no indication the requested stay would negatively impact Plaintiffs' ability to collect any judgment that may be entered in their favor. *Windham*, 2018 U.S. Dist. LEXIS 146987 at *12 ("Importantly, Receiver Windham does not argue that Mr. Snyder or any of the other Snyder Defendants are, for example, engaged in continuing misconduct or are hiding or otherwise depleting the funds that she seeks to claw back in this lawsuit. In such instances, courts have declined to stay civil proceedings.").

---

[3] *Cf. Wirth v. Taylor*, No. 2:09-CV-127 TS, 2011 U.S. Dist. LEXIS 6187, at *6-7 (D. Utah Jan. 21, 2011) (unpublished) (holding the circumstances were such that the plaintiffs' interests *did* weigh against the requested stay as "fact discovery has proceeded for 18 months and it is nearly complete," and the "Plaintiffs are elderly—Mr. Wirth is 66 years of age and his mother, Florence Wirth is 95 years of age. Their memories are likely to fade with the passage of time").)

And, finally, consideration of Mr. Vollmar's Fifth Amendment rights indicates Plaintiffs themselves likely have an interest in the stay. Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1080 (10th Cir. 2009) ("When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated."). A criminal defendant who is also a party in a civil proceeding has a "significant interest in avoiding the quandary of choosing between waiving his Fifth Amendment rights or effectively forfeiting the civil case." Tibbs v. Vaughn, No. 2:08CV787, 2011 U.S. Dist. LEXIS 133228, at *6 (D. Utah Nov. 17, 2011) (unpublished) (cleaned up). Such a party "would suffer prejudice in having to proceed simultaneously in both cases." Windham, 2018 U.S. Dist. LEXIS 146987 at *13. As one court, quoted with approval by this Court, has explained:

> "If deposed in the civil case, the criminal defendants would invoke their Fifth Amendment privilege. If discovery moves forward, each defendant will be faced with the difficult choice between asserting his or her right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the criminal case."

Id. (quoting Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003) (cleaned up)).

Although usually discussed in the context of a criminal defendant who is a *defendant* in the civil case, similar concerns apply to Mr. Vollmar. He would be faced with the quandary of whether to assert his Fifth Amendment rights in his deposition and written discovery in this case, possibly hindering Plaintiffs' ability to prove their claims or waiving those rights, with his testimony and discovery responses then available for use in the criminal proceeding.

With respect to the fourth factor, Defendants have substantial interests in the requested stay. First, as discussed above, the requested stay will eliminate the possibility of duplicative discovery, which would likely include the Officers being subjected to two depositions in this

matter. And, second, the requested stay will enable Defendants to engage in more effective discovery, as they will no longer be met with the prospect of repeated invocation of Mr. Vollmar's Fifth Amendment rights.

Finally, "while the Court and the public have an interest in the swift resolution of civil litigation, interests in the prompt and fair resolution of criminal matters take precedence." *Windham*, 2018 U.S. Dist. LEXIS 146987 at *14.

For the foregoing reasons, the Court should exercise its discretion and stay Plaintiffs' entire suit.

**WHEREFORE:** Mr. Vollmar's claim for equitable relief should be dismissed, and a stay of his claims for monetary damages should be entered. The Court should also stay all remaining claims in the interest of judicial economy.

Dated this 4th day of October, 2022.

/s/ *Frank D. Mylar*

Frank D. Mylar
Attorney for Defendants