Frank D. Mylar (5116)
Andrew R. Hopkins (13748)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
office@mylarlaw.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UTAH ANIMAL RIGHTS COALITION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BEAVER COUNTY, et al.,<br><br>Defendants. | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND STAY**<br><br>Case No. 2:22-CV-00497-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Defendants, through their attorney Frank Mylar, respectfully submit this reply memorandum in support of their motion to dismiss and stay this case as follows:

### REPLY INTRODUCTION

Plaintiffs' opposition attempts to confuse the issue of *Younger* abstention, arguing that it does not apply in this case. However, caselaw is clear that when there is a pending parallel state court <u>criminal</u> proceeding, abstention is mandatory; accordingly the Court must stay this matter. Likewise, Plaintiffs have not met their burden to show there is an exception to the abstention doctrine in this case, and this Court should defer this matter until the state court proceedings are

resolved. Finally, judicial economy dictates that the entire case should be stayed until the state criminal proceedings are completed.

## REPLY ARGUMENT

Plaintiffs argue that this case does not merit abstention, but applying controlling caselaw to the facts of this case clearly demonstrates otherwise. As previously stated, in determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (cleaned up). All these factors exist in this case; thus, abstention is required.

### I. There is an ongoing state criminal proceeding.

Plaintiffs argue that *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69 (2013) changed the law with regards to *Younger* abstention, such that abstention should no longer apply in this case, even if it might have applied pre-*Sprint*. (Dkt. 50 at 5-7.) However, Plaintiffs overstate the importance of *Sprint* in this context. *Sprint* involved a federal suit along with a parallel non-criminal state court proceeding; finding *Younger* abstention was not appropriate in that circumstance. 571 U.S. at 72. While *Sprint* may have limited the reach of *Younger* abstention for state court cases that are not criminal in nature, the *Sprint* Court specifically noted that "*Younger* exemplifies one class of cases in which federal-court abstention is <u>required</u>: When there is a parallel, pending state criminal proceeding, federal courts <u>must</u> refrain from enjoining the state prosecution." *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (underlining added).

It is undeniable that the charge brought against Plaintiff Vollmar in state court is criminal in nature, and Plaintiffs cannot evade the requirement of *Younger* abstention by arguing anything otherwise. Plaintiffs also attempt to use *Elna Sefcovic, LLC v. TEP Rocky Mt.*, LLC, 953 F.3d 660 (10th Cir. 2020) for the proposition that abstention should only be applied "when the relief requested from the federal court would enjoin or otherwise interfere with such proceedings." (Dkt. 50 at 6 (quoting *Elna Sefcovic, LLC*, 953 F.3d at 672).) While *Elna Sefcovic, LLC* may contain this quotation, Plaintiffs conveniently omit that it was a case where *Younger* abstention was not applied because it involved a parallel state civil case. 953 F.3d at 670. Further, *Elna Sefcovic, LLC* cited *Sprint* for the notion that "state criminal prosecutions" require the application of *Younger* abstention. *Id.* (citing *Sprint*, 571 U.S. at 73).

Neither of these cases cited by Plaintiffs lend any credence to the notion that the Court could choose to not apply *Younger* abstention in this case. The criminal prosecution against Mr. Vollmar can only be classified as a state criminal prosecution, meaning abstention is <u>required</u> in this instance. That is, once the factors for abstention are met, "*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). The Tenth Circuit has "adhered strictly to this rule." *Goings v. Summer Cnty. Dist. Attorney's Office*, 571 F. App'x 634, 639 (10th Cir. 2014). All the factors necessary to apply a mandated abstention are present in this case.

Moreover, in regard to Plaintiffs' equitable claims, even if their claims against Beaver County have merit, the equitable claims do not need to be resolved at this time. There is nothing that is preventing Plaintiffs from exercising their First Amendment rights there right now. The

circumstances that led to this lawsuit were unique. It all happened over Pioneer Day weekend, which will not occur again until next summer, and Plaintiffs were asking people about the pending Smithfield criminal case, which is now resolved. Plaintiffs are welcome to protest in Beaver County within the boundaries of the law. Indeed, this is even reflected in Beaver County Sheriff's Office Policy 465 which states in part:

> Individuals or groups present on the public way, such as public facilities, streets or walkways, generally have the right to assemble, rally, demonstrate, protest or otherwise express their views and opinions through varying forms of communication, including the distribution of printed matter.

(*See* Exhibit 1 – An exact copy of Beaver County Sheriff's Office Policy 465.) There is nothing in the evidentiary record that indicates Plaintiffs' First Amendment rights are presently being curtailed by anybody from Beaver County or that they will be anytime in the future. Accordingly, the Court need not resolve the equitable claims at this time.

## II.     Beaver County Justice Court is an adequate forum.

Plaintiffs also argue that the state justice court is not an adequate forum because they allegedly cannot appeal any decisions it makes. (Dkt. 50 at 7-9.) A simple examination of the relevant statutes reveals this is incorrect. Indeed, as noted by the Utah Supreme Court, "the legislature has enacted a statute giving the district courts jurisdiction over appeals from justice court convictions." *W. Jordan City v. Goodman,* 2006 UT 27, ¶ 12, 135 P.3d 874. Moreover, this appellate jurisdiction is not limited to the district courts if the constitutionality of an ordinance is being challenged. Utah Code Ann. § 78A-7-118(8) ("The decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance.")

Furthermore, there is no caselaw that suggests a right to appeal beyond the district court, or other post-conviction remedies, is a necessary finding to make to demonstrate that a state court venue is an adequate forum. Rather, it should be presumed that the justice court is a proper venue to determine a state criminal prosecution if only because the justice court is a proper creation of Utah state statute.

### III. Prosecution of an infraction is still an important state interest requiring abstention.

Finally, as to the third abstention factor, Plaintiffs argue that Mr. Vollmar's criminal proceeding does not implicate important state interests because it involves a criminal infraction. (Dkt. 50 at 9-10.) This argument is without any support in caselaw. Even the case cited by all parties, *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007), only involved a misdemeanor, not a felony, and this was sufficient to apply *Younger* abstention. Just because the legislature created a lower class of criminal offenses beyond a misdemeanor when it created an infraction does not mean the state does not have an important interest in prosecuting such criminal violations. Moreover, other federal district court cases imply that it is appropriate to apply *Younger* abstention for relatively minor criminal offenses. See *Perez v. City of Culver City*, No. CV 20-9964 DSF (RAOx), 2021 U.S. Dist. LEXIS 260202, at *6 n.1 (C.D. Cal. Feb. 25, 2021) (collecting cases) ("District courts in California have applied the *Younger* abstention doctrine in cases of state traffic violations.") As such, there is an important state interest at play and abstention is required.

### IV. None of the exceptions to abstention are applicable.

Plaintiffs correctly point out that even if all the factors for *Younger* abstention are met, there are still exceptions to its application. However, this is not such an instance. A "federal plaintiff may overcome the presumption of abstention in cases of proven harassment or

5

prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (internal quotation marks omitted). However, it is important to note that it is Plaintiffs' burden to show such bad faith. *See Lyons v. Kimmey*, No. 21-1219, 2021 U.S. App. LEXIS 24813, at *11 (10th Cir. Aug. 19, 2021) ("it is the plaintiff's burden, in seeking to overcome the bar of *Younger* abstention, to do more than merely allege bad faith or harassment by state officials.") (*citing Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 877 (10th Cir. 2001)).

The extent of Plaintiffs' argument is essentially that since this Court already heard argument in the preliminary injunction hearing it can already rule that the criminal prosecution of Mr. Vollmar does not have a reasonable chance of success. (Dkt. 50 at 10-11.) Plaintiffs have not borne their burden to show why abstention should not apply in this case by generally referencing the preliminary injunction hearing. Respectfully, this is exactly why abstention exists as a doctrine, to avoid inconsistent results between state and federal court. Mr. Vollmar's criminal case is being resolved, and this Court should not interfere in the matter until it is resolved. Additionally, in relation to Plaintiffs' requested equitable relief, they are still free to exercise their First Amendment rights in Beaver County as they have in past years.

## V.     A stay of the remaining claims is warranted.

Finally, judicial economy dictates that the remaining claims should be stayed. All Plaintiffs are welcome to protest in Beaver County within legal bounds. Partially staying the case as it relates to Mr. Vollmar does not make sense. It will impact how discovery is conducted. Mr. Vollmar claims that his Fifth Amendment rights are not implicated since he voluntarily brought this suit,

but unless he is willing to completely waive any Fifth Amendment protection, his right still exists in the state criminal case. Presently Mr. Vollmar could evade discovery requests, depending on how they are worded, under the shield of his Fifth Amendment rights. Even if he is not asserting them at a particular time, they still persist until the criminal prosecution is resolved.

Judge Campbell recently stayed a case after abstention was applied to some (but not all) claims, in part because "the issues Plaintiffs raise in both proceedings significantly overlap." *Ellis v. Morzelewski*, No. 2:21-cv-639-TC, 2022 U.S. Dist. LEXIS 153609, at *33 (D. Utah Aug. 24, 2022). Here too, the issues raised in Mr. Vollmar's criminal prosecution significantly overlap with all the issues Plaintiffs raise in this suit.

Defendants filed their answer on September 6, 2022. This was not even two months ago. Regardless of Defendants' alleged failure to respond to Plaintiffs' request for a scheduling order, the Court has not scheduled a scheduling conference, nor has there been any request from the Court to file a proposed schedule yet. Defendants brought this abstention motion at the beginning of the suit: the point being that there is not a long procedural history, and this fact weighs in favor of granting a stay.

**WHEREFORE:** Mr. Vollmar's claim for equitable relief should be dismissed, and a stay of his claims for monetary damages should be entered. The Court should also stay all remaining claims in the interest of judicial economy.

Dated this 1st day of November, 2022.

/s/ *Frank D. Mylar*

Frank D. Mylar
Attorney for Defendants